1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11                         ----oo0oo----

12  MICHAEL CHEN,
                                    NO. CIV. S-07-01780 WBS/GGH
13          Plaintiff,

14       v.                         ORDER RE: MOTION FOR
                                    TEMPORARY RESTRAINING ORDER
15  JAMES TILTON, individually and
    in his official capacity as
16  Director of the California
    Department of Corrections and
17  Rehabilitation; D.K. SISTO,
    individually and in his
18  official capacity as Warden of
    California State Prison at
19  Solano; and JOHNATHAN STUBBS,
    individually and in his
20  official capacity as
    Interstate Compact Transfer
21  Coordinator for the California
    Department of Corrections and
22  Rehabilitation,

23          Defendants.

24                         ----oo0oo----

25          Plaintiff Michael Chen, a state prisoner proceeding pro

26  se, filed this action seeking relief under 42 U.S.C. § 1983 for

27  the alleged deprivation of his constitutional rights following

28  defendants' decision to transfer plaintiff to an out-of-state

                                 1

1  correctional facility.  Plaintiff now moves for a temporary

2  restraining order (TRO) to prohibit defendants from executing the

3  transfer.

4  I.  <u>Factual and Procedural Background</u>

5       Plaintiff is an inmate at the California State Prison

6  at Solano, which is administered by the California Department of

7  Corrections and Rehabilitation ("CDCR").  (Compl. ¶ 2.)  On

8  August 13, 2007, CDCR informed plaintiff that he would be

9  transferred to an out-of-state prison, a site later identified as

10  the Tallahatchie County Correctional Facility in Tutwiler,

11  Mississippi.  (<u>Id.</u> ¶¶ 11-13.)  Four days later on August 17,

12  2007, plaintiff proceeded to file an appeal in the Santa Clara

13  Superior Court challenging his original sentencing decree.[1] (<u>Id.</u>

14  ¶ 11-13.)

15       Plaintiff contends that he is being denied due process

16  and equal protection rights by defendants involuntarily placing

17  him on the transfer list.  (<u>Id.</u> ¶¶ 21-23.)  On August 30, 2007,

18  plaintiff moved for a TRO arguing that a transfer to an out-of-

19  state prison will deny him meaningful access to California state

20  and federal courts during his pending appeal in Superior Court.

21  II.  <u>Discussion</u>

22       The purpose in issuing a TRO is to preserve the <u>status</u>

23  <u>quo</u> pending a fuller hearing.  Requests for temporary restraining

24  orders which are not <u>ex parte</u> and without notice are governed by

25  the same general standards that govern the issuance of a

26  _____

27       [1]   On December 18, 1998, Plaintiff received a twenty-six
    year prison sentence after he entered a no contest plea to eight
    counts of robbery and use of an assault weapon in commission or
28  attempted commission of a felony.  (Compl. ¶¶ 7-8.)

2

preliminary injunction.  <u>See</u> <u>New Motor Vehicle Bd. v. Orrin W.</u>
<u>Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los</u>
<u>Angeles Unified Sch. Dist. v. United States Dist. Court</u>, 650 F.2d
1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century</u>
<u>Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y.
1990).

The legal principles applicable to a request for
preliminary injunctive relief are well established.  "The
traditional equitable criteria for granting preliminary
injunctive relief are: 1) a strong likelihood of success on the
merits, 2) the possibility of irreparable injury to plaintiff if
the preliminary relief is not granted, 3) a balance of hardships
favoring the plaintiff, and 4) advancement of the public interest
(in certain cases)."  <u>Dollar Rent A Car v. Travelers Indem. Co.</u>,
774 F.2d 1371, 1374 (9th Cir. 1985).

The criteria are traditionally treated as alternative
tests.  "Alternatively, a court may issue a preliminary
injunction if the moving party demonstrates '<u>either</u> a combination
of probable success on the merits and the possibility of
irreparable injury <u>or</u> that serious questions are raised and the
balance of hardships tips sharply in his favor.'"  <u>Martin v.</u>
<u>International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984)
(quoting <u>William Inglis & Sons Baking Co. v. ITT Continental</u>
<u>Baking Co.</u>, 526 F.2d 86, 88 (9th Cir. 1975)).  As the Ninth
Circuit has reiterated:

> <u>Martin</u> explicitly teaches that "[u]nder this
> last part of the alternative test, even if
> the balance of hardships tips decidedly in
> favor of the moving party, it must be shown
> as an irreducible minimum that there is a

3

fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

A.   Likelihood of Success on the Merits

Convicted prisoners have no expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another.  Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976).  Nonetheless, plaintiff contends that his imminent transfer to the Mississippi facility is unconstitutional because it undermines his access to the California judicial system.  Specifically, plaintiff argues that a transfer would both deprive him of an available prison law library containing California case law and deny him the ability to personally litigate his pending pro se appeal with the Santa Clara Superior Court.  (Compl. ¶ 18.)

It is firmly established that "prisoners have a constitutional right of access to the courts."  Bounds v. Smith, 430 U.S. 817, 821 (1977).  Prisoners are therefore entitled to adequate law libraries, assistance from people with legal training, or some alternative means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  Id. at 825, 828.  However, in Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court made clear that mere allegations of an inadequate law library or legal assistance program do not themselves sufficiently support an action seeking vindication of the right to meaningful court

4

access.  Id. at 531 ("Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

Plaintiff speculates that the transfer to Mississippi will effectively deny his access to a law library that includes the necessary California case law to continue his pro se appeal. The motion is void of any showing of deficiency in regards to either the California legal assistance program or the Mississippi facility's library service.  Rather, plaintiff overlooks the fact that a number of local prison systems either provide access to foreign state casebooks or engage in an interlibrary loan system that provides a plethora of material outside of the immediate library compilation.  See McElyea v. Babbitt, 833 F.2d 196, 199 (9th Cir. 1987) (noting that inmates in the Arizona State Prison may request a variety of books through prison's interlibrary loan services); Lindell v. Schneiter, No. 06-608, 2007 U.S. Dist. LEXIS 18462 at *10 (W.D. Wis., Mar. 14, 2007) (emphasizing that the prison library's interlibrary loan system is the proper channel by which inmates may receive, for example, copies of articles from medical journals).

It is this court's understanding that the Tallahatchie County Correctional Facility in Mississippi--i.e. plaintiff's alleged destination--uses an interlibrary loan system and makes available to inmates a vast series of CD-ROMs containing out-of-state rules, including California Court Rules, Deering's California Codes Annotated, and West's Annotated California

Codes.[2]  Moreover, states which transfer prisoners to out-of-state facilities will generally assume the obligation to supply that prisoner with the basic legal assistance and materials relevant to the law of the transferring state.  <u>Williams v. Maass</u>, No. 92-1394, 1993 U.S. Dist. LEXIS 7056, at *3 (D. Or. May 21, 1993).

States need not supply every inmate a law library, as long as it supplies a reasonable alternative to assure meaningful access.  <u>United States v. West</u>, 557 F.2d 151, 152-53 (8th Cir. 1977) (per curiam).  One such reasonable alternative is the assistance of appointed counsel.  <u>Bounds</u>, 430 U.S. at 830-31; <u>Williams v. Leeke</u>, 584 F.2d 1336, 1340 (4th Cir. 1978).  Thus, where an inmate has access to a court-appointed attorney to pursue his claims of relief, that inmate is deemed to have sufficient "access to the courts."  <u>Bounds</u>, 430 U.S. at 830-31.

Here, plaintiff alleges that it is his direct appeal in connection with which he needs library assistance.  Presumably, therefore, plaintiff could simply petition the state court for appointment of counsel and thereby cure any perceived "access to the courts" defect.  He apparently chooses to abandon his constitutional right to the assistance of counsel and instead proceed pro se on his state court appeal.  <u>Douglas v. California</u>, 372 U.S. 353 (1963).  He accordingly cannot be heard to complain that he is being denied access to the courts.  <u>See</u>  <u>Salstrom v. State</u>, 148 Ariz. 382 (holding that indigent inmate, who was

---

[2]     Telephone interview with Stacy Houston, Facility Librarian, Tallahatchie County Correctional Facility, in Tutwiler, Miss. (Sept. 7, 2007).

transferred from a Nevada facility to an Arizona prison lacking Nevada legal material, was not denied "access to the courts" where he need only petition the court for assistance of counsel).

For the foregoing reasons, plaintiff fails to identify a protected constitutional interest at serious risk. Accordingly, likelihood of success on the merits of his claim is low.

B.   <u>Irreparable Harm</u>

Plaintiff's contention that he will suffer irreparable harm if the TRO is not granted lacks foundation for identical reasons as his merit-based claim--his motion is void of actual evidence regarding overtly harmful deficiencies in the legal assistance programs of either California or Mississippi that will deprive him of his right of access to court.  In particular, plaintiff's contention that he will be denied access to a California-based law library ignores consideration of reasonable alternatives that could assure meaningful access as prescribed by the Constitution.  Even if plaintiff is correct that he may suffer some degree of harm as a result of the transfer, this court must nonetheless account for the low likelihood of success on the merits of his claim.  Accordingly, plaintiff's allegations of harm are insufficient to tip the balance in favor of granting plaintiff the extraordinary relief of a TRO.

///

///

///

///

///

IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order be, and the same hereby is, DENIED.

DATED:  **September 11, 2007**

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8